# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-584 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| BRIAN D. KING, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On November 15, 2019, the Court sentenced defendant Brian King ("defendant" or "King") to a term of imprisonment of 67 months on the first three counts of the indictment "with all terms to run concurrent with credit for time served." (Doc. No. 37 [Judgment]; Doc. No. 39 [Amended Judgment].) King is currently serving his sentence at Big Sandy USP in Inez, Kentucky, and he has a projected release date of January 20, 2024. *See* https://www.bop.gov/inmateloc/ (last visited September 29, 2020).

Now before the Court is King's motion "seeking time credit for time" spent in custody while awaiting sentencing. (Doc. No. 42 ["Mot."].) In his motion, he maintains that the Bureau of Prisons ("BOP") did not properly calculate his time served prior to serving the present sentence. In particular, he claims he did not receive credit for the 57 days he spent in county jail and the time he spent in custody from December 14, 2018 to November 15, 2019 before being sentenced in this Court. (Mot. at 213.) He claims that he "took this matter up with the BOP" in Texas but was unsuccessful. (*Id.*) The United States of America (the "government") opposes King's motion for credit. (Doc. No. 43 ["Opp'n"].)

King's motion must be denied because this Court lacks jurisdiction to grant him the relief he seeks. Once a district court sentences a federal offender, it is the responsibility of the Attorney General, through the BOP, to administer the sentence. *United States v. Wilson*, 503 U.S. 329, 334–35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (2002); *see* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment shall be committed to the custody of the [BOP] until the expiration of the term imposed").

However, if a prisoner believes the BOP has unfairly denied credit toward the sentence imposed, the prisoner may pursue administrative review of the computation of the credit. *See Wilson*, 503 U.S. at 335. Specifically, once a defendant has exhausted his administrative remedies, he may bring a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated or in a regional BOP office. *See Wilson*, 503 U.S. at 335 (citing 28 C.F.R. §§ 542.10–542.16); *see also* 28 U.S.C. § 2241; *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

King is serving his sentence in Kentucky and it is unclear from the record whether he has exhausted his administrative remedies. Accordingly, his request to be credited for time served is not properly before this Court.

For the foregoing reasons, the Court DENIES King's motion for want of jurisdiction.

**IT IS SO ORDERED**.

Dated: October 2, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**